BEAR CANON COAL CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 9502.   Promulgated January 14, 1929.

*James E. Witten*, Esq., for the petitioner.
*Granville S. Borden*, Esq., for the respondent.

OPINION.

TRUSSELL: No issue has been raised as to the correctness of the respondent's computation of petitioner's net income and the taxes thereon for the years in question. The only issue is whether petitioner is exempt from Federal income and profits taxes, and if it is not exempt, then the deficiencies are in the amounts as determined by respondent.

Petitioner contends that in holding, using, and disposing of school lands and the proceeds and increments thereof, the State of Colorado exercises its governmental powers and functions; that in the exercise of such powers the State of Colorado adopted and used the petitioner as its instrumentality to enable the State to meet and comply with the conditions of the grant under the Act of 1862; and that income accruing to petitioner, through its operation of the mines on school lands as an instrumentality of the State, is not taxable by the Federal Government.

The Board's decision in *Coronado Oil & Gas Co.*, 14 B. T. A. 1214, is controlling in the decision of the case at bar. It is true that the

school lands involved in the *Coronado* case, *supra*, were granted to the State of Oklahoma by a different act of Congress than the act granting the school lands here involved to the State of Colorado, but both of the acts made grants of land to the said States for the purpose of establishing perpetual school funds, and the duties and obligations resting upon the said States are the same for all intents and purposes. The essential facts in the *Coronado* case, *supra*, and the case at bar, are identical, namely, that the petitioners' incomes were derived from the sale of minerals produced by their own private capital for their individual profit, from mineral-bearing school lands owned by the said States and leased to petitioners by the state boards of land commissioners in the same manner in which all of the said States public lands were leased to private individuals.

In the *Coronado* case, *supra*, the Board said:

We do not think that petitioner under the facts here proven, as a lessee of public school lands in Oklahoma, for private and individual profit, stands in a position different, in so far as a liability for Federal income tax is concerned, from a lessee of other property of the State or property of a private individual. We can not see in the taxing by the Federal Government of its income therefrom an interference with the exercise by that State of one of its governmental powers.

We are of the opinion that petitioner is not exempt from Federal income and profits taxes.

Reviewed by the Board.

*Judgment will be entered for the respondent.*